**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, N.W., Suite 800<br>Washington, D.C. 20006,<br><br>Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460,<br><br>Defendant. | Civil Action No. 1:17-cv-509 |

## COMPLAINT

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records maintained by Defendant Environmental Protection Agency ("EPA"). These records concern EPA employees' use of an encrypted messaging application, called "Signal," to communicate about agency business, as well as EPA efforts to retrieve, recover, or retain records created or received by EPA employees on Signal. The EPA has failed to issue a final determination on or produce any records responsive to CoA Institute's request within the applicable FOIA time limits. In doing so, the EPA has withheld records to which CoA Institute has a right and that serve the public interest in transparent and accountable government.

## JURISDICTION AND VENUE

2. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

3. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. CoA Institute is a 501(c)(3) non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. It regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, including the EPA, and disseminates its findings, analysis, and commentary to the general public.

5. The EPA is an agency within the meaning of 5 U.S.C. § 552(f)(1). It has possession, custody, and/or control of records to which CoA Institute seeks access and which are the subject of this Complaint.

## FACTS

6. On February 2, 2017, a news agency, *Politico*, reported that a "small group of career [EPA] employees—numbering less than a dozen so far—[were] using an encrypted messaging app" called "Signal" to discuss how to respond to the new Trump Administration. Andrew Restuccia *et al.*, *Federal workers turn to encryption to thwart Trump*, Politico, Feb. 2, 2017, http://politi.co/2km4Qrb. Specifically, the EPA employees were communicating about work-related issues, including how to prevent incoming political appointees from "undermin[ing] their agency's mission to protect public health and the environment" or "delet[ing] valuable scientific data." *Id.*

7. On the same day, concerned that EPA officials intended to use Signal to avoid transparency laws and conceal controversial communications from internal and external oversight, CoA Institute submitted a FOIA request to the EPA seeking "access to the following records" for the time period of "January 20, 2017 to the present":

> 1. All records created or received by any EPA employee on Signal.
>
> 2. All records reflecting any permission, clearance, or approval granted to EPA employees by the agency, Archivist, and/or the National Archives and Records Administration for the use of Signal, or other instant messaging applications, for the conduct of official EPA business.
>
> 3. All records concerning EPA efforts to retrieve, recover, or retain records created or received by EPA employees on Signal.

Ex. 1 at 3–4.

8. In its FOIA request, CoA Institute clarified that records of official EPA business, including Signal messages, which are saved on private devices or accounts still qualify as "agency records" under the FOIA, even if they are not in the immediate possession of the EPA. *Id.* at 4 n.16 (citing *Competitive Enter. Inst. v. Office of Sci. & Tech. Pol'y*, 827 F.3d 145, 149 (D.C. Cir. 2016)).

9. CoA Institute also requested expedited processing of its request, *id.* at 4–5, and a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.* at 5–7.

10. As part of the FOIA request, CoA Institute notified Catherine McCabe, Acting Administrator of the EPA, of her obligation under the Federal Records Act to ensure that all work-related Signal messages created or received by EPA employees were retained or retrieved by the agency. *Id.* at 2–3; *see also* 44 U.S.C. § 3106(a).

11. The EPA received CoA Institute's FOIA request on February 3, 2017 and assigned it tracking number EPA-HQ-2017-003560. Ex. 2.

12. By letter, dated February 9, 2017, the EPA determined that CoA Institute's FOIA request would "not reach the minimum billable amount, so there are no charges associated in processing [it]." Ex. 3. The agency did not explicitly deny CoA Institute's fee waiver and fee category requests.

13. The EPA, however, denied CoA Institute's request for expedited processing because CoA Institute did "not demonstrate[] that the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual[.]" *Id.*

14. By letter, dated February 17, 2017, CoA Institute appealed the EPA's denial of expedited processing. Ex. 4. CoA Institute argued that the EPA used the wrong legal standard, *id.* at 2 (discussing 40 C.F.R. § 2.104(e)(1)(ii)), and expedited processing was warranted because the records at issue could reveal "what efforts have been undertaken to ensure the EPA's obligations under the FOIA and the FRA are met." *Id.* at 2.

15. By letter, dated March 6, 2017, the EPA issued a determination on CoA Institute's appeal. After adopting the legal standard identified by CoA Institute, the EPA nevertheless denied the appeal and affirmed the initial determination on expedited processing. Ex. 5.

16. In the "course of reviewing" CoA Institute's appeal, and "after reviewing the description of the records" sought by CoA Institute, the EPA suggested that "portions" of CoA Institute's FOIA request "may require additional clarification." The agency advised that "[t]he EPA office assigned to [CoA Institute's] request will be in contact . . . soon to seek any clarification necessary to process [the] request." *Id.* at 4–5.

17. To date, the EPA has not contacted CoA Institute to request any necessary clarification, nor has the agency provided an estimated date of completion or any other update on the processing of CoA Institute's FOIA request.

**COUNT I**

**Violation of the FOIA: Failure To Comply with Statutory Requirements**

18. CoA Institute repeats all of the above paragraphs.

19. The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

20. The FOIA further requires an agency to respond to a valid request within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. *Id.* § 552(a)(6)(A)–(B). If an agency requires additional time, the FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

21. CoA Institute's February 2, 2017 FOIA request seeks access to agency records maintained by the EPA, reasonably describes the records sought, and otherwise complies with the FOIA and applicable EPA regulations.

22. The EPA failed to issue a final determination on or produce any records responsive to CoA Institute's FOIA request within the applicable FOIA time limits.

23. The EPA also failed to comply with the FOIA in that it never "arrange[d] . . . an alternative time frame" for responding to CoA Institute's FOIA request. The EPA has not issued an estimated date of completion, has not invited CoA Institute to negotiate an "alternative" response date for the request, and has not sought clarification on the scope of the request.

24. CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## RELIEF REQUESTED

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a. Order the EPA to process CoA Institute's February 2, 2017 FOIA request and to issue a final determination within twenty (20) business days of the date of the Order;

b. Order the EPA to produce all responsive records promptly upon issuing its final determination on the February 2, 2017 FOIA request;

c. Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

d. Grant such other relief as the Court may deem just and proper.

Dated: March 21, 2017

Respectfully submitted,

*/s/ Ryan P. Mulvey*

Ryan P. Mulvey
D.C. Bar No. 1024362
Lee A. Steven
D.C. Bar No. 468543

CAUSE OF ACTION INSTITUTE
1875 Eye Street, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
lee.steven@causeofaction.org
ryan.mulvey@causeofaction.org

*Counsel for Plaintiff CoA Institute*